FILED
2018 Aug-22 AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES LOVE and BEVERLY LOVE, | } } } } | |
| Plaintiffs, | } } | |
| v. | } } | Case No.: 5:18-mc-00938-ACA |
| MIDFIRST BANK, | } } | |
| Defendants. | } | |

## MEMORANDUM OPINION

This case is before the court on Defendant MidFirst Bank's motion to withdraw the general order of reference. (Doc. 1). The parties have fully briefed the motion. (Doc. 2; Doc. 3; Doc. 4; Doc. 6).[1] For the reasons discussed below, the court finds that the motion is due to be denied.

### I.   BACKGROUND

On March 23, 2017, Plaintiffs James and Beverly Love filed a Chapter 13 bankruptcy petition in the Northern District of Alabama.  (Doc. 1 in Case 17-

---

[1] The Plaintiffs filed an objection to the motion on July 5, 2018. (Doc. 3). On July 6, 2018, the Plaintiffs filed an identical response in opposition to the motion. (Doc. 4). The court deems Doc. 3 as the operative response.

80917-CRJ13).[2] In connection with their bankruptcy petition, the Loves filed Schedule D which identified MidFirst Bank as a secured creditor. (Doc. 12, p. 11 in Case 17-80917-CRJ13; Doc. 3, p. 15). MidFirst Bank filed a proof of claim in the Loves' Chapter 13 case in the amount of $77,308.90 which indicated a mortgage in the Loves' principal residence. (Claim 7-1 in Claims Register in Case 17-80917-CRJ13).

After the Loves filed their bankruptcy petition, MidFirst Bank sent the Loves a notice of continuing default. (Doc. 3, p. 2, ¶ 3). On February 26, 2018, the Loves filed an adversary complaint in the Bankruptcy Court alleging that by sending the notice of continuing default, MidFirst Bank violated the Bankruptcy Court's automatic stay. (Doc. 1 in Case 18-80024-CRJ).[3]

In April and May 2018, MidFirst Bank sent Ms. Love monthly mortgage statements. (Doc. 1, p. 3, ¶ 4; Doc. 1, pp. 13-15; Doc. 3, p. 3, ¶ 5; Doc. 3, pp. 21-22). In May 2018, MidFirst Bank sent the Loves a document titled "Notice of Mortgage Payment Change." (Doc. 3, p. 3, ¶ 6; Doc. 3, pp. 23-24). MidFirst claims that it sent the April 2018 statement to Ms. Love in order to comply with

---

[2] Case 17-80917-CRK13 is the Loves' bankruptcy case. The record is available on PACER. The court takes judicial notice of that record. *See United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 2009) ("A court may take judicial notice of its own records and the records of inferior courts."). The court cites to the bankruptcy action by document and case number.

[3] Case 18-80024-CRJ is the Loves' adversary proceeding. The record is available on PACER. The court takes judicial notice of that record. *See Glover*, 179 F.3d at 1302 n.5. The court cites to the adversary proceeding by document and case number.

new Consumer Financial Protection Bureau ("CFPB") regulations. (Doc. 1, p. 2, ¶¶ 3-4).

Effective April 19, 2018, the Consumer Financial Protection Bureau ("CFPB") amended Regulation Z implementing the Truth in Lending Act. (Doc. 1, p. 2, ¶ 3). According to MidFirst Bank, the amended regulation requires that mortgage servicers "provide modified periodic mortgage statements to debtors in bankruptcy and discharged debtors." (Doc. 1, p. 2, ¶ 3) (citing 12 C.F.R. § 1026.41(e) and (f)).

On May 23, 2018, the Bankruptcy Court held a status conference and hearing in the adversary proceeding to discuss various discovery matters. (Doc. 38 in Case 18-80024-CRJ). In an order that the Bankruptcy Court issued on May 24, 2018, the court explained:

> During the [May 23, 2018] hearing, counsel for the Plaintiffs alleged that MidFirst Bank sent additional correspondence to the Plaintiffs after they filed the above-captioned Adversary Proceeding attempting to collect a debt in violation of the automatic stay. Counsel for MidFirst Bank argued that the bank issued the letter pursuant to a recent banking regulation enacted in April of 2018 which mandates that the notice contained therein be issued to debtors in bankruptcy proceedings.

(Doc. 38 in Case 18-80024-CRJ). The Bankruptcy Court ordered the parties to file briefs "addressing how compliance with the banking regulation upon which the bank relies does not violate the automatic stay and discharge injunction under the Bankruptcy Code." (Doc. 38 in Case 18-80024-CRJ). On June 15, 2018, MidFirst

3

Bank filed its brief in compliance with the Bankruptcy Court's May 24, 2018 order. (Doc. 1, p. 3, ¶ 5; Doc. 57 in Case 18-80024-CRJ). Also on June 15, 2018, MidFirst Bank filed the instant motion to withdraw the reference which was docketed in this court on June 19, 2018. (Doc. 1; Doc. 58 in Case 18-80024-CRJ). On June 20, 2018, the Bankruptcy Court held a prescheduled status conference with the parties to discuss various matters pending in the adversary proceeding. (Doc. 2, pp. 5-12). The Bankruptcy Court recessed the hearing pending resolution of MidFirst Bank's motion to withdraw the reference. (Doc. 2, p. 11).

## II. DISCUSSION

MidFirst Bank requests that the court withdraw the reference with respect to the Loves' adversary proceeding for two reasons: (1) resolution of this matter will require substantial and material consideration of the CFPB's recently enacted mortgage servicing regulations, and (2) a decision regarding the relationship between the CFPB's recently enacted mortgage servicing regulations and the Bankruptcy Court's automatic stay will have district-wide implications and should be resolved by the district court.

District courts possess "original and exclusive jurisdiction of all cases under title 11" of the Bankruptcy Code. 28 U.S.C. § 1334(a). District courts are permitted, however, to refer all cases to the bankruptcy court to the extent that they arise under, arise in, or relate to a case under title 11. *Id.* at § 157(a). This court

has entered such a general order of reference. *See* General Order of Reference to Bankruptcy Court (entered July 16, 1984 and amended on July 17, 1984). The reference that applies to this Chapter 13 case, however, is not absolute. Title 28 U.S.C. § 157(d) provides for the withdrawal of the reference under limited circumstances, either as a mandatory matter or as a permissive matter. The court addresses each theory in turn.

### A. Mandatory Withdrawal

MidFirst Bank argues that the court is required to withdraw the reference in this proceeding because resolution of the issues made the subject of Bankruptcy Court's May 24, 2018 order requires material and substantial consideration of non-bankruptcy code federal law.

Mandatory withdrawal by a district court is required "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Most courts, including district courts within the Eleventh Circuit have found that "withdrawal should be granted only if the current proceeding could not be resolved without substantial and material consideration of the non-Code federal law." *McGregor v. Asset Acceptance, LLC*, 2015 WL 3751986, at *1 (N.D. Ala. 2015) (collecting cases); *see Harrelson v. DSSC, Inc.*, 2015 WL 1043338, at *4 (M.D. Ala. 2015) (finding that § 157(d) requires

mandatory withdrawal only if the movant demonstrates that the adversary proceeding involves "a substantial and material question of both title 11 and non-bankruptcy code federal law"). Under this approach, to warrant withdrawal, "the issues in question [must] require more than the mere application of well-settled or 'hornbook' non-bankruptcy law; significant interpretation of the non-Code statute must be required." *Abrahams v. Phil-Con Servs., LLC*, 2010 WL 4875581, at *2 (S.D. Ala. Nov. 23, 2010) (citation omitted); *see Harrelson*, 2015 WL 1043338, at *4 ("Withdrawal is only mandatory when complicated, interpretive issues are involved, especially with matters of first impression or where there is a conflict between bankruptcy and other laws.") (internal quotation marks and citations omitted).

MidFirst Bank may be correct that resolution of the question that the Bankruptcy Court raised in its May 24, 2018 briefing order will require substantial and material consideration of non-bankruptcy code law. The court need not and does not address that question because as the adversary complaint currently is pleaded, there are no issues of non-bankruptcy federal law ripe for resolution in the proceeding.

The adversary proceeding complaint alleges that MidFirst Bank violated the Bankruptcy Court's automatic stay by sending the Loves a notice of continuing default sometime after they filed for bankruptcy on March 23, 2017 but before they

6

filed the complaint on February 26, 2018. (Doc. 1 in Case 18-800024-CRJ). As MidFirst Bank acknowledges, the Loves' adversary complaint does not include allegations related to any communication that MidFirst sent the Loves as a result of the recently amended CFPB mortgage serving regulations, and the Loves have not filed an amended complaint to include such allegations. (Doc. 1, p. 5; *see* Doc. 1 in Case 18-80024). Therefore, even if the court were to withdraw the reference, the question posed by the Bankruptcy Court in the May 24, 2018 briefing order would not be ripe for the court's review.

"The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). "The ripeness inquiry requires a determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. *Id.* Courts must examine "whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." *Cheffer v. Reno*, 55 F.3d 1517, 1524 (11th Cir. 1995).

Whether MidFirst Bank's purported compliance with the CFPB regulations violates the Bankruptcy Court's automatic stay currently is not fit for judicial

consideration. As pleaded, the Loves' adversary proceeding claim does not allege injury because of a notice that MidFirst Bank sent to comply with the new CFPB regulations. Therefore, the issue is not "sufficiently defined and concrete" so as "to permit effective decisionmaking by the court." *Cheffer v. Reno*, 55 F.3d 1517, 1524 (11th Cir. 1995).

Based on the adversary proceeding pleadings, the only issue that is ripe for resolution is whether communication that MidFirst Bank sent to the Loves before February 26, 2018 and before enactment of the CFPB's amended regulations violated the Bankruptcy Court's automatic stay. Thus, to resolve the Loves' adversary proceeding claim, as it currently is framed, the court would not need to consider non-bankruptcy code federal law.

If the court were to withdraw the reference, the court could not and would not address the intersection of the CFPB's amended regulations and the automatic stay because the Loves, via pleading, have not presented that specific issue for consideration, and the issue currently is not ripe for judicial review. Therefore, MidFirst has not met its burden of demonstrating that withdrawal is required.

**B. Permissive Withdrawal**

Even if withdrawal is not required, § 157(d) permits the district court to withdraw, "in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C.

§ 157(d). "The decision whether to withdraw the reference is committed to the district court's discretion." *Abrahams*, 2010 WL 4875581, at *3. In determining whether there is cause for withdrawal of a reference, the court must "consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000) (quoting *In re Parklane/Atl. Joint Venture*, 927 F.2d 532, 536 n.5 (11th Cir. 1991). "Additional factors that may be considered include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *In re Childs*, 342 B.R. 823, 827 (M.D. Ala. 2006)

MidFirst Bank primarily argues that permissive withdrawal is appropriate "to ensure district-wide uniformity of rulings as to the new CFPB regulations' interaction with the automatic stay." (Doc. 1, p. 10). This argument is unpersuasive for the same reasons discussed above with respect to mandatory withdrawal. In resolving the claim that the Loves have raised in the adversary complaint, the court would not comment on the new CFPB regulations or their relationship to the Bankruptcy Court's automatic stay. Thus, an opinion from this court would do nothing to advance uniformity of rulings on the issue, and the other permissive factors do not weigh in favor of withdrawal. Accordingly, the court finds that permissive withdrawal is not warranted.

## III. CONCLUSION

For the reasons stated above, the court **DENIES** MidFirst Bank's motion to withdraw the reference. (Doc. 1). The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this August 22, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE